JUSTICE NELSON
specially concurs:
While I concur in the Court’s opinion, I do so in utter dismay of the fact that this case is even before us. The claimant, here, was never eligible for worker’s compensation benefits in the first place. Mr. Lovell stopped by the Oak Room Bar to have a beer and was asked by one of the owners to help unload some carpet and tiles from a truck. Mr. Lovell was not the bar’s employee; there was never any discussion of wages; the claimant was never even paid for the work he did at the bar on the date of his injury.
While helping to unload the truck, the claimant seriously injured his knee when a carpet roll fell on him. To his credit, at least, Mr. Lovell did not want to make a worker’s compensation claim. Why should he? He was not the bar’s employee; he was not entitled to benefits. But, since the owners of the bar apparently did not carry public liability insurance, they convinced Mr. Lovell that the only way he was going to get his medical expenses paid was to make a claim against their worker’s compensation coverage.
The claim was a hoax. The State Fund was simply being used — abused, actually — so the bar owners would not have to pay for Mr. Lovell’s injuries out of their own pockets because they failed to have the foresight and good business sense to carry public liability insurance.
This travesty was then compounded when the State Fund accepted liability and began paying benefits of less than $10.00 a week on the dummied-up claim. Mr. Lovell, again, to his credit, attempted to undo the claim by numerous phone calls to the State Fund explaining the circumstances of his injury and by filing suit against the bar for his damages in a separate civil action.
The State Fund would have none of that, however, and continued to accept liability for the claimant’s injury and to pay benefits, with the result that Mr. Lovell’s civil case against the bar was dismissed because of the exclusivity provision of the Worker’s Compensation Act. That provision prohibits an employee from suing his “employer” for injuries arising out of an “industrial accident”. Unfortunately, however, this comedy of errors did not end there.
His only other civil remedy having been precluded and having been determined by the State Fund to be “entitled” to benefits, the next logical progression in the chain of events was a dispute over the amount of the benefits being paid. Mr. Lovell claimed that he was *292 entitled to combine wages from other odd jobs he had performed with the “wages” from his “employment” at the bar in order to establish the wage base on which his benefits were determined. At least prior to 1987 and after 1989 that was permissible under the law. The State Fund disagreed with that approach, however, on the basis of the 1987 statute applicable to Mr. Lovell’s claim. The Fund claimed that Mr. Lovell’s only “employment” was at the bar and that his other wages were irrelevant.
That disagreement, naturally, necessitated a mediation hearing and, ultimately, a full-blown trial (with all the attendant discovery that goes with a trial) before the Worker’s Compensation Court.
To be fair, there likely would not have been a disagreement over the proper interpretation of the statute, but for the fact that every session the Legislature seemingly feels obliged to rewrite all or substantial portions of the worker’s compensation laws in its biennial attempt to stave off what appears to be the imminent collapse of the entire system. Rewriting an existing law or enacting a new law is, at best, risky business, because it often takes several years and a lawsuit or two for some court to interpret the law. Here, we are interpreting a law, long since changed, that was enacted six years ago. In any event, for reasons probably no one will ever know, in 1987, the Legislature changed one portion of the statute at issue. (True to form, in 1989, the law was changed again).
Unfortunately, when the Legislature amended the law in 1987, the language used was not as precise as it might have been. Hence, the disagreement between the claimant and his attorneys and the State Fund and its attorneys over what the statute really said and meant.
The Worker’s Compensation Judge took his best shot at trying to interpret the statute. In the process, he also determined that the State Fund had underpaid Mr. Lovell by wrongfully reducing his mileage claims and offsetting his social security benefits against his worker’s compensation benefit payments. That resulted in the State Fund having to repay the underpayments along with a 20% penalty and, possibly, Mr. Lovell’s attorney’s fees.
Now, the whole case is before the Supreme Court. This Court has spent considerable time applying appropriate legal interpretations to the facts and law at issue in a case that only got here by its own bootstraps. Having accomplished our task, we are now sending the case back to the Worker’s Compensation Court for still further proceedings. I assume that whatever decision is made on those issues will generate yet another appeal.
*293 I suspect that the average person could put their child through college on what this case has already cost the State in attorneys’ fees, penalties, expenses, medical costs, travel costs, benefits and the wasted time and salaries of bureaucrats, investigators, claims examiners, hearings examiners and judges. To make matters worse, the final chapter in this case has yet to be written.
The tragedy of this — compounded in one form or another in other cases — is that employers, taxpayers and, now, employees, alike, are paying their hard-earned premium, tax and wage dollars for this nonsense. It is small wonder that the State Fund is in perpetual financial extremis, if this case is anything but an anomaly — which I can only hope is true.
I concur in the Court’s opinion because, on the narrow legal issues presented, the opinion is a correct interpretation of the law — long since changed — and because we are without authority to do anything but resolve the legal issue presented. It is, appalling, nonetheless, that this case ever got this far.
CHIEF JUSTICE TURNAGE and JUSTICE TRIEWEILER concur in the foregoing special concurrence.